UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23477-BLOOM/Louis

ARLINE MOREIRAS and
JULIO MOREIRAS,

    Plaintiffs,

v.

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion for Costs and Stay Pursuant to Rule 41(d) and Motion for Sanctions, ECF No. [13], and Defendant's Motion to Dismiss Amended Complaint, ECF No. [14]. The Court has considered the Motions, the Plaintiffs' Response, the record in the case, the applicable law, and is otherwise fully advised.

    **I.**    **Motion for Rule 41(d) Sanctions**

Defendant seeks attorneys' fees and costs incurred in an identical case Plaintiffs previously filed before the Court, Case Number 20-cv-21303-BB. In that case, the Court dismissed an identical complaint without prejudice following Plaintiffs' failure to comply with a court order. *See* ECF No. [16] in 20-cv-21303-BB. Plaintiffs have now refiled the instant action, prompting the Defendant's request for sanctions under Federal Rule of Civil Procedure 41(d), although Defendant has failed to submit the costs and attorney's fees it seeks to recover. It claims that the Plaintiffs' failure to include the correct parties in the first lawsuit resulted in unnecessary pleading practice, resulting in fees and costs that may not be used in the current litigation Plaintiffs do not

contest that their refiling of the lawsuit warrants sanctions; however, they respond that in order to show entitlement to costs under Rule 41(d), a party must show that it incurred costs in the first action that were not useful in the newly filed litigation and Defendant has failed to do so here.

Rule 41(d) of the Federal Rules of Civil Procedure provides that in a matter where a plaintiff dismisses an action and then refiles it based on the same claim against the same defendant, the court may: (1) order the plaintiff to pay all or part of the costs of that previous action; and (2) stay the proceedings until the plaintiff has complied. The Court has broad discretion to award fees and costs when a plaintiff dismisses and re-files certain claims in a separate action against the same defendant. *See Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1256 n. 2, 1260 (11th Cir. 2001); *see also Groom v. Bank of America*, 2010 WL 627564, at *1 (M.D. Fla. Feb. 23, 2010) ("Rule 41(d) expressly contemplates the prejudicial impact on a defendant when a plaintiff dismisses and re-files against that defendant."). A party moving for costs under Rule 41(d) must show that: (1) the plaintiff dismissed a previous action; (2) the plaintiff then commenced a second action that is based upon or includes the same claim against the same defendants; and (3) the defendant incurred costs in the prior action that will not be useful in the newly-filed litigation. *NF Imp. & Exp., Inc. v. VIA Mat Int'l AG*, No. 11-23371-CIV, 2012 WL 13013236, at *2 (S.D. Fla. Sept. 25, 2012); *Groom v. Bank of America*, No.8:08-cv-2567-T-27, 2010 WL 627564, at *5 (M.D. Fla. Jan. 21, 2010). A showing of bad faith is not required to recover costs under the rule. *Groom*, 2010 WL 627564, at *5. Rather, in determining whether an award of costs is appropriate, courts look to whether a plaintiff's conduct satisfies the requirements of Rule 41(d) and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant. *Id.*

A review of the record in both cases establishes that Plaintiffs' conduct and the prejudice to the Defendant satisfy granting of an award pursuant to Rule 41(d).The Defendant is entitled to

its attorney's fees and costs to the extent that such costs will not be useful in this litigation. However, its claim that "there is clear evidence that it incurred costs, inclusive of attorneys' fees, that cannot be used in the current matter," ECF No. [13] at 3, is insufficient to permit a finding at this stage. As such, the Motion is granted and the Court reserves ruling on the amount to be awarded. The Defendant's request to stay the proceedings is denied.

## II.     Motion to Dismiss

Defendant seeks dismissal of Plaintiffs' Third Amended Complaint ("Complaint") and to strike Plaintiffs' demand for attorney's fees. It argues that Plaintiffs failed to attach to the Complaint the subject insurance policy and have failed to allege the damages incurred with specificity. Moreover, Defendant argues that the Complaint improperly seeks attorney's fees pursuant to Florida Statutes, Section 627.428. In response, Plaintiffs seek to file a Fourth Amended Complaint, acknowledging that the subject policy was not properly attached to its previous Complaint. Plaintiffs fail to address the other points raised in the Motion. Glaringly absent from the Plaintiffs' Response is a certification that Plaintiffs' counsel conferred with Defendant's counsel regarding the filing of a Fourth Amended Complaint, as required by Local Rule 7.1(a)(3). On October 27, 2020, the Court denied Plaintiffs' earlier request to file their complaint for the identical reason. *See* ECF No. [17].

Accordingly, it is

**ORDERED AND ADJUDGED** that

1. Defendant's Motion to Dismiss, **ECF No. [14]**, is **GRANTED.**

2. Plaintiffs must refile the Fourth Amended Complaint **no later than December 4, 2020**, pursuant to Local Rule 15.1.

3. Plaintiffs' counsel is admonished that continued failure to comply with the Local Rules

will result in sanctions, including dismissal without prejudice without further notice.

4. The Defendant's Motion for Costs and Stay Pursuant to Rule 41(d) and Motion for Sanctions, **ECF No. [13]**, is **GRANTED in part and DENIED in part**. The Court refuses to stay the litigation and, as the Court is unable to determine at this stage whether the costs incurred will be useful in the present action, the Court reserves ruling as to the amount to be awarded.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 1, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record